

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1596-12

---

**JAMES GARZA, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

---

ALCALA, J., filed a concurring opinion in which JOHNSON and COCHRAN, JJ., joined.

### CONCURRING OPINION

I conclude that James Garza, appellant, whose claim reaches this Court on direct appeal, did not forfeit his complaint by failing to object at trial on the basis of a constitutional rule that had not yet been established at the time of his trial. Although it reaches the same conclusion, the majority opinion does so through an alternative analysis that I believe is unnecessary for resolving this appeal and that appears to suggest that the preservation-of-error requirements applicable on direct appeal are identical to those required for obtaining

habeas corpus relief, a principle that I disagree has been definitively established. I, therefore, concur only in this Court's judgment.

## I. *Miller v. Alabama*'s New Constitutional Rule Applies to Direct-Appeal Cases

Appellant's trial began in November 2011; his motion for new trial was filed in December 2011; and the Supreme Court decided *Miller v. Alabama* in June 2012, while this case remained pending on direct appeal. *See Miller v. Alabama*, 132 S. Ct. 2455 (2012); *Garza v. State*, No. 04-11-00891-CR, 2012 WL 5236048, at *1 (Tex. App.—San Antonio Oct. 24, 2012) (mem. op., not designated for publication). In *Miller*, for the first time, the Supreme Court held that the punishment of mandatory life without parole for those under the age of eighteen at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments. *See Miller*, 132 S. Ct. at 2469; U.S. CONST. amends. VIII, XIV. Finding no precedent directly on point, the Supreme Court observed in *Miller* that "the confluence of . . . two lines of precedent leads to the conclusion that mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." *See Miller*, 132 S. Ct. at 2464. One line of precedent barred capital punishment for children, while the other prohibited life without parole for a child who committed a "nonhomicide offense." *Id*. at 2470 (citing *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011 (2010); *Roper v. Simmons*, 543 U.S. 551, 125 S. Ct. 1183 (2005); *Thompson v. Oklahoma*, 487 U.S. 815, 108 S. Ct. 2687 (1988)). Following *Miller*, this Court recently held in *Ex parte Maxwell* that the *Miller* decision is "a 'new substantive rule' that puts a juvenile's *mandatory* 'life without parole'

sentence outside the ambit of the State's power." *Ex parte Maxwell*, 424 S.W.3d 66, 75 (Tex. Crim. App. 2014) (emphasis original).

Because the present case is on direct appeal, this Court must apply the constitutional ruling in *Miller* to this case. The record shows that, during the trial proceedings, the parties represented to the jury and court that appellant was seventeen years of age at the time of the offense. The Supreme Court has observed that the "failure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication." *Teague v. Lane*, 489 U.S. 288, 304, 109 S. Ct. 1060, 1072 (1989) (citing *Griffith v. Kentucky*, 479 U.S. 314, 322, 107 S. Ct. 708, 713 (1987)) (quotations omitted). Thus, "'the integrity of judicial review' requires the application of the new rule to 'all similar cases pending on direct review.'" *Id*. (quoting *Griffith*, 479 U.S. at 323, 107 S. Ct. at 713).

Ordinarily, a defendant waives a complaint that had not been preserved at trial based on an alleged violation of the Eighth Amendment's prohibition on cruel and unusual punishments. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); U.S. CONST. amends. VIII, XIV. I conclude, however, that in light of this Court's decision in *Maxwell* that the *Miller* decision puts a juvenile's mandatory life-without-parole sentence "outside the ambit of the State's power," that, at least for these cases that are presented on direct review, this type of complaint is not subject to ordinary principles of waiver or procedural default. *Maxwell*, 424 S.W.3d at 75; *see also Gutierrez v. State*, 380 S.W.3d 167,

176 (Tex. Crim. App. 2012) ("a state trial court may no more order a convicted defendant to leave the State than it may punish him with a sentence that is beyond the statutorily applicable range of punishment"). A defendant "cannot agree to submit to [a punishment] that the criminal justice system simply finds intolerable and which is therefore, by definition, not even an option available to the parties." *Gutierrez*, 380 S.W.3d at 175-76.

Taking these principles in mind, I would hold that, because the constitutional rule at issue had not been established at the time of appellant's trial, his counsel's failure to object did not forfeit his complaint on that basis. Furthermore, because this case is on direct appeal, appellant is entitled to the benefit of the new rule of constitutional law.

## II. Conclusion

I respectfully concur only in this Court's judgment.

Filed: June 11, 2014

Publish